IN THE SUPREME COURT OF THE STATE OF DELAWARE

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, §§§

Plaintiff Below-Appellant, §

v. §

ABBVIE, INC., §

Defendant Below-Appellee. §

No. 239, 2015

Court Below: Court of Chancery of the State of Delaware

C.A. No. 10374-VCG

Submitted: January 13, 2016
Decided: January 20, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, **VAUGHN**, Justices; and **NEWELL**, Chief Judge,[*] constituting the Court *en banc*.

### **O R D E R**

This 20th day of January 2016, upon consideration of the parties' briefs and the record below, we find that the judgment of the Court of Chancery should be affirmed.[1] After a stipulated trial, the Court of Chancery found that the petitioner in this § 220[2] demand did not have a proper purpose because it had not shown a credible basis for the court to infer that a non-exculpated breach of fiduciary duty had occurred when the only use for the books and records identified by the

---

[*] Sitting by designation under Del. Const. art. IV, § 12.
[1] *See Se. Pa. Transp. Auth. v. AbbVie Inc.*, 2015 WL 1753033 (Del. Ch. Apr. 15, 2015).
[2] 8 *Del. C.* § 220

petitioner was to help plead a later claim in litigation, when the only relief the petitioner could identify was monetary damages,[3] and when the directors who were the potential subject of the suit were protected by an exculpatory provision authorized by § 102(b)(7).[4]  Because the petitioner therefore had no viable use for the documents it sought, the Court of Chancery denied its claim for books and records.[5]  A majority of the Court—Chief Justice Strine, Justice Vaughn, and Chief Judge Newell—affirms on the basis of the Court of Chancery's decision of April 15, 2015, which explained that reasoning in more detail.[6]

---

[3] The petitioner did not contend that it had a viable claim for injunctive relief in later litigation. Nor did the plaintiff suggest that it had a claim against a non-fiduciary, such as against a financial advisor for aiding and abetting, for which it was seeking books and records.  Rather, its sole object was a derivative suit for money damages against company directors and officers.

[4] 8 *Del. C.* § 102(b)(7).  AbbVie argued this position to the Court of Chancery.  *See* App. to Opening Br. at 155 (AbbVie's Consolidated Response to Plaintiffs' Opening Trial Briefs, at 20) ("As an initial matter, any derivative suit other than one for breach of the directors' duty of loyalty or bad faith is barred by the exculpatory provision in AbbVie's Certificate of Incorporation.").

[5] *See AbbVie*, 2015 WL 1753033, at *17.

[6] Justice Holland and Justice Valihura think it was unnecessary for the Court of Chancery to reach and rely upon Section 102(b)(7) in its analysis, and given their broader substantive concerns regarding reliance on Section 102(b)(7) in Section 220 proceedings, would affirm solely on the basis that the petitioner did not show by a preponderance of the evidence that there existed a credible basis to conclude that even a breach of the duty of care had been committed. The entire panel agrees with that ground also, but the other three members of the panel believe that it was proper for the Court of Chancery to address the matter in the precise manner that it did, because that was the primary ground on which the defendant corporation below defended the case and the parties framed the issues.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice